C O P Y

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Austin

Gerald C. Mann
Attorney General


Honorable Shelburne H. Glover
County Attorney
Marion County
Jefferson, Texas

Dear Sir:                          Opinion No. O-4479
                                   Re: Maximum compensation for the
                                       County Judge of Marion County.

        Your letter requesting the opinion of this department
on the question stated therein reads as follows:

        "I have been requested by Judge Asa K. Ramsay, County
Judge of Marion County, Texas, and other interested parties,
to obtain an opinion from your department on the following
question:
        "'What is the maximum salary that may be set by the
Commissioners' Court of Marion County, Texas, in payment
of services of the County Judge of Marion County, Texas?'
        "Article 3883, R.S., 1925, as amended, provides that
in Counties containing 25,000 inhabitants or less, the
County Judge, among other officers, shall receive Twenty-
four Hundred Dollars per year. Marion County contains
less than 25,000 inhabitants, but had a taxable valuation
of over Eight Million Dollars at the time the County
Judge's salary was set by the Commissioners' Court.
        "Acting in pursuance to Article 3926, Section 3,
which reads as follows:
        "'For presiding over the Commissioners' Court, order-
ing elections and making returns thereof, hearing and deter-
mining civil cases and transacting all other official business
not otherwise provided for, he (County Judge) shall receive
such salary from the County Treasury as the Commissioners'
Court may allow him by order,'
The Commissioners' Court of Marion County fixed the salary
of the County Judge in 1939, by order duly entered at Twenty-
seven Hundred Dollars per year, payable monthly. It is
admitted that the fees of office earned by the County Judge
never exceed Three Hundred Dollars per year and that the

County Judge has never received as compensation the maximum of Three Thousand Dollars per year, which is the maximum that any County Judge in a county under 25,000 population may receive where his fees exceed the amount allowed by law.

"The report of the County Judge of Marion County has been checked by the State Auditor, and filed with the Comptroller of Public Accounts in Austin, but no question has ever been raised until recently of his right to receive the salary fixed by the Commissioners' Court, towit: $2700.00 per year.

"An opinion from your department clarifying the law relative to the maximum amount that the County Judge can receive under the circumstances herein related will be appreciated."

Marion County has a population of 11,454 inhabitants according to the 1940 federal census, and the county officials of said county are compensated on a fee basis.

Article 3883, Vernon's Annotated Civil Statutes, provides in part:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each.

". . ."

Article 3891, Vernon's Annotated Civil Statutes, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000.). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400.).

". . ."

As we understand your request, you desire to know, what is the maximum amount of ex-officio compensation that may be legally allowed the county judge of Marion county.

Article 3895, Vernon's Annotated Civil Statutes, provides:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex-officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

Under Article 3883 and Article 3891, supra, the maximum compensation and the excess fees allowed to be retained by the county judge of Marion County is three thousand ($3,000.) Dollars per year. When the compensation and excess fees allowed by these statutes do not exceed the maximum compensation and excess fees provided therein then by virtue of Article 3895, supra, the commissioners' Court is authorized to allow compensation for ex officio services in any amount, provided the compensation for ex officio services together with the compensation and excess fees allowed by law do not exceed the maximum of three thousand dollars per year. In other words, in compliance with Article 3895, supra, the commissioners' court is authorized to allow any amount as compensation for ex officio services when such amount shall not increase the compensation of the official beyond the maximum of compensation

and excess fees allowed to be retained by the officer under the foregoing statutes. (See Sec. 122, Texas Jurisprudence, Vol. 34, and Anderson County vs. Hopkins,187 S.W. 1019)

It is our further opinion that ex officio compensation for the county judge must be allowed under and by virtue of Article 3895, supra, and not Article 3926, Vernon's Annotated Civil Statutes. In this connection, we direct your attention to two of our opinions Nos. 0-1017 and 0-3138 construing certain provisions of Article 3926, supra. We enclose copies of these opinions for your convenience.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) ARDELL WILLIAMS
Assistant

APPROVED MAR. 26, 1942

(Signed) GROVER SELLERS
First Assistant Attorney General

AW:ff

Encls.

APPROVED OPINION COMMITTEE
By B.W.B. Chairman